# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1998 SESSION



**FILED**

**April 20, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9805-CC-00131 |
| Appellee, | ) |
| | ) Madison County |
| V. | ) |
| | ) Honorable Whit Lafon, Judge |
| | ) |
| **ROBERT LEE MOORE,** | ) (Petition for Post-Conviction Relief) |
| | ) |
| Appellant. | ) |
| | ) |

FOR THE APPELLANT:

JOSEPH L. PATTERSON
225 West Baltimore Suite B
Jackson, TN 38301

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

ELIZABETH T. RYAN
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243

JAMES G. "JERRY" WOODALL
District Attorney General

AL EARLS
Assistant District Attorney
P.O. Box 2825
Jackson, TN 38302-2825

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

## OPINION

The petitioner, Robert Lee Moore, appeals under Tennessee Code Annotated § 40-30-216 and contests the post-conviction court's dismissing his petition for relief. The petitioner alleges that ineffective assistance of his trial counsel merits a new trial. He further alleges that the Order Denying Post-Conviction Relief was improperly entered and lacks proof adduced at the post-conviction relief evidentiary hearing. We AFFIRM the Order below.

## BACKGROUND

In May 1994, the Circuit Court of Madison County, Tennessee, sentenced the petitioner, Robert Lee Moore, as a career criminal after convicting him of possession of a schedule II controlled substance with intent to sell or deliver.[1] The petitioner was represented by counsel at trial.

After this Court affirmed the conviction and sentencing on direct appeal, the petitioner filed a pro se petition for post-conviction relief regarding the May 1994 conviction and other convictions pertinent to the sentence. The petitioner, seeking either a new trial or a new sentencing hearing, alleged that he entered guilty pleas to those prior charges without being advised of his rights against self-incrimination and to confront and cross-examine witnesses. He further alleged that he was not advised of "any of his rights" in the schedule II substance possession case. Finally, he argued that the trial judge erred by not charging the jury with lesser offenses at the conclusion of his trial for possession of schedule II substance.

The post-conviction court appointed counsel for the petitioner, and the petitioner amended his petition. The petitioner further addressed the prior

---

[1] The record shows that the petitioner has faced earlier and apparently unrelated schedule II substance possession charges. However, we discuss only this most recent conviction.

convictions and both the jury instructions and the sentencing for his schedule II possession charge. Further, the state's response to his proposed amendments included an allegation that "'any issue regarding failure to raise errors at sentencing were [sic] waived by failing to raise these issues on appeal.'" In the petitioner's first amended petition, he alleged that this response "plainly" indicated ineffective assistance of counsel during both the trial and the direct appeal of that trial. He then specifically asserted that counsel's not objecting to the jury instructions at his schedule II substance possession trial and improperly presenting pertinent time frames of prior convictions germane to his career criminal sentence constituted ineffective assistance of counsel.

Finally, the petitioner filed a second amendment to his petition alleging that the schedule II substance possession charge indictment omitted the requisite mental state.

At the post-conviction relief evidentiary hearing, the petitioner entered exhibits of the minutes from a hearing regarding a prior aggravated assault charge and of indictments regarding both his prior convictions and his schedule II substance possession charge. The petitioner testified that his trial counsel did not call an important witness, who had since died. The petitioner also testified that his counsel ineffectively prepared for the defense and did not communicate with the petitioner. The Circuit Court of Madison County, Division I, dismissed the petition. That court held that the petitioner waived his argument regarding failure to call the witness by omitting that issue from his pleadings. The trial court also held that this Court's affirmation, on direct appeal, of the petitioner's career criminal sentencing barred that issue as grounds for post-conviction relief. The post-conviction court additionally held that the petitioner offered neither proof nor any factual allegations of his remaining claims of ineffective assistance of counsel.[2]

---

[2] The post-conviction Order also addressed other claims not presented in this appeal.

-3-

On this appeal, the petitioner alleges that he did not approve the subsequent post-conviction court Order and that this Order lacks a certificate of service to him. He further alleges that the Order omits proof he adduced at his hearing. He requests a new trial.

## STANDARD OF REVIEW

At an evidentiary hearing pursuant to a post-conviction relief petition, the petitioner must provide clear and convincing evidence that a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. §§ 40-30-203, 210(f). Tennessee Code Annotated § 40-30-210(c) limits a petitioner at a post-conviction relief evidentiary hearing "to evidence of the allegations of fact in the petition." A trial court's findings of fact and conclusions of law from the petitioner's evidentiary hearing carry the weight of a jury verdict. See Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). This Court does not reweigh or reevaluate evidence and does not substitute its own inferences for those determined by the trial court. See id. The petitioner must show that "the evidence contained in the record preponderates against the judgment entered in the cause." Id.

## ANALYSIS

We first address the petitioner's asserted "prima facie case" of ineffective assistance of counsel. The petitioner claims that trial counsel did not call a particular witness, a witness who allegedly died after the trial. However, the petitioner's pleadings omit any relevant factual allegations. The trial court's Order Dismissing Petition correctly states that the petitioner waived this claim by omission. Tenn. Code Ann. § 40-30-210(c) ("[p]roof upon the petitioner's claim or claims for relief shall be limited to evidence of the allegations of fact in the petition"); see Thomas Edward Murphy, Jr. v. State, No. 02C01-9710-CC-00378

-4-

(Tenn. Crim. App. filed Nov. 9, 1998, at Jackson). This allegation is without merit.

The petitioner also alleges that his counsel improperly presented the dates of prior convictions pertinent to the subsequent career criminal sentence. This Court approved the sentence on direct appeal. "It is . . . well-settled law in the area of post-conviction practice that issues which were previously determined in earlier proceedings are not subject to relitigation." Robert Senick v. State, No. 01C01-9711-CR-00550 (Tenn. Crim. App. filed Dec. 3, 1998, at Nashville). We concur with the post-conviction court's determination that the ruling on the direct appeal precludes this issue as a basis for post-conviction relief.

The petitioner's remaining points pertinent to his prima facie case involve the trial counsel's preparation for the defense and communication with the petitioner. The petitioner asserts that his testimony at the post-conviction hearing "clearly created a factual issue as to the number of meetings and the entire course of preparation for the trial and sentencing." The Code requires more than a "factual issue." The statutes require "clear and convincing evidence." Tenn. Code Ann. § 40-30-210(f).

None of the three petitions comprised the requisite "factual allegations" of deficient communication with the petitioner and general lack of preparation." A post-conviction court reviews a submitted petition without regard for the "factual merits of the allegations" and determines whether, assuming the allegations are true, a "colorable claim is stated." John Paul Seals v. State, No. 03C01-9802-CC-00050 (Tenn. Crim. App. filed Jan. 6, 1999, at Knoxville). However, "[t]he petitioner shall include allegations of fact supporting each claim for relief set forth in the petition." Tenn. Code Ann. § 40-30-204(e). Further,

> [t]he petition must contain a clear and specific statement of all
> grounds upon which relief is sought, including full disclosure of the
> factual basis of those grounds. A bare allegation that a
> constitutional right has been violated and mere conclusions of law
> shall not be sufficient to warrant any further proceedings. Failure to

-5-

> state a factual basis for the grounds alleged <u>shall result in</u>
> <u>immediate dismissal of the petition</u>.

Tenn. Code Ann. § 40-30-206(d) (emphasis added).

The petitioner's pleadings did not constitute "allegations of fact" regarding either generally deficient preparation or communication. Appointed counsel twice amended the pro se petition. The first amended petition noted that the state's response to the proposed amendments in part asserted that "'any issue regarding failure to raise errors at sentencing were [sic] waived by failing to raise these issues on appeal.'" The petitioner alleges that this response "plainly" indicates ineffective assistance of counsel at trial. We agree with the post-conviction court: the petitioner waived these grounds for relief by omission.

In <u>Johnny Wayne Harris v. State</u>, No. 03C01-9803-CR-00086 (Tenn. Crim. App. filed Jan. 6, 1999, at Knoxville), this Court approved the dismissal of a petitioner's claim because the petition did not satisfy statutory requirements. Allegations that his trial counsel was ineffective, for reasons including less than zealous representation and not conducting witness investigations, did not constitute a "colorable claim," because the petition omitted, among other factors, the identity of the witnesses and to what the witnesses would have testified. The petition fell short of the required "full disclosure of the factual basis of the grounds asserted." <u>Id.</u>; <u>see</u> <u>also</u> <u>Thomas Edward Murphy, Jr. v. State</u>, No. 02C01-9710-CC-00378 (Tenn. Crim. App. Filed Nov. 9, 1998, at Jackson). <u>But</u> <u>cf.</u> <u>Coyce E. Wells v. State</u>, No. 01C01-9602-CC-00054 (Tenn. Crim. App. filed Jan. 16, 1997, at Nashville) (The petitioner's assertion that "he experienced ineffective assistance of counsel at original sentencing for lack of appeal" constituted a sufficient "factual basis.").

In the instant case the petitioner relied on a conclusory sentence in his first amended petition. The petitioner asserted that the state's response "clearly"

established ineffective assistance of counsel both on appeal and at the trial. Apparently, the petitioner concluded that his noting the state's argument, which addressed the petitioner's waiving issues by not including them on his direct appeal, in conjunction with the petitioner's testimony at the hearing established a "factual allegation." We agree with the post-conviction court decision that the petitioner did not "state any factual basis" for these particular alleged bases of relief.

Further, even if the petitioner established the requisite factual allegations, his proof at the hearing fell substantially below the required standard His offered proof consisted solely of his own testimony and several exhibits. The petitioner offered no explanation regarding the relevance of prior indictments and hearing minutes to the claimed deficient preparation and communication. He offered no relevant proof beyond his own testimony. "The presumption is that the attorney rendered effective assistance, and the burden is on the petitioner to prove that the assistance was ineffective." Thomas Edward Murphy v. State, No. 02C01-9710-CC-00378 (Tenn. Crim. App. filed Nov. 9, 1998, filed at Jackson). "In a post-conviction proceeding, a petitioner's uncorroborated testimony is insufficient to carry this burden of proof." Id. We do not find the preponderance of evidence necessary to overturn the post-conviction court's finding on this issue. Also, the petitions contested the trial court's jury instructions, but the petitioner offered no proof of this issue at the hearing. Therefore, these points of the petitioner's appeal are also without merit.

The petitioner's remaining argument addresses the trial court's Order Denying Post-Conviction Relief. He asserts that this Order was improperly entered because the petitioner did not approve the Order and because the Order lacked a certificate of service for the petitioner's counsel. The petitioner apparently contends that the filing prejudices his appeal by depriving him of

opportunity to ensure that the Order incorporated certain "proof adduced in the hearing."

Tennessee Code Annotated § 40-30-211(b) requires that the post-conviction court file a final order comprising the "findings of fact and conclusions of law with regard to each . . . ground presented." The Order adequately explains the factual and legal bases for the post-conviction court's denying relief regarding the career criminal sentencing and the jury instructions. This Court reviewed the hearing transcript and concurs with the post-conviction court's finding that the petitioner presented insufficient proof to carry his claims regarding failure to call a witness, inadequate prepare for the defense, and deficient communication with the petitioner, See Daniel B. Taylor v. State, No. 02C01-9703-CR-00091 (Tenn. Crim. App. filed March 18, 1998, at Jackson) (Reversal of the post-conviction court's judgment is not necessary, despite noncompliance with the statute, if "the record transmitted to this [C]ourt is sufficient to effectuate a meaningful appellate review on each ground raised in the petition."). This issue is without merit.

## CONCLUSION

The post-conviction court's dismissal of the petition is AFFIRMED and the petitioner's appeal as to the filing of that court's order is DISMISSED.

_____
JOHN EVERETT WILLIAMS, Judge

-8-

CONCUR:

_____
GARY R. WADE, Presiding Judge

(NOT PARTICIPATING)
THOMAS T. WOODALL, Judge